Earl Raymond HAWES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15856.

Court of Criminal Appeals of Oklahoma.

July 29, 1970.

---

282

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Earl Raymond Hawes, hereinafter referred to as defendant, was charged by Information in the District Court of Tulsa County, Case No. CRF–69–2022, with the offense of Sodomy where, after being thoroughly advised of his constitutional rights in great detail, in the presence of his retained counsel, the defendant entered a plea of guilty. The court then proceeded to examine the defendant to ascertain whether or not the plea was freely and voluntarily entered with full knowledge of the nature and consequence of such plea and after being advised by the defendant

that he (the defendant) had not been threatened or coerced or promised any benefit to secure a plea, the court accepted the plea of guilty and sentenced the defendant to four years imprisonment, the same to run concurrently with the judgment and sentence entered in Tulsa County District Court Case No. CRF–69–1900.

At the time of rendition of judgment and sentence, the defendant expressed a desire to remain in the Tulsa County jail for a period of ten days in order to visit with friends and the court directed that he be so retained. Through inadvertence the defendant was transported to the penitentiary two days after the rendition of judgment and sentence and thereafter was returned to the Tulsa County jail whereupon, at the request of the defendant, the court conducted a hearing and determined that the defendant was entitled to a post conviction appeal and to be represented on said appeal by court-appointed counsel. During the determination of the defendant's right to a post conviction appeal, the court-appointed counsel suggested that he had been advised by the defendant that the defendant had entered the plea of guilty in the above styled case and the companion case CRF–69–1900, after having been advised that he would be charged with robbery. The court then reviewed the proceedings which were transcribed at the time the judgment and sentence was entered and questioned the defendant relative to his assertion that he had been coerced into entering a plea of guilty. From the answers received from the defendant it is abundantly clear that the alleged threat to charge him with robbery could not have influenced his plea of guilty for at the time of the alleged robbery he was incarcerated in the Tulsa County jail. This fact was known to him and under such circumstances both he and his retained counsel were aware that if the charge were filed, the records of the Tulsa County jail would afford them a complete defense.

It is significant that at the hearing in which the post conviction appeal was granted, the defendant did not seek to produce any testimony, under oath, nor did he seek

to verify his assertions by subpoenaing his retained counsel who represented him when he entered his plea of guilty.

In the light of the record before us, we are of the opinion that the defendant freely and voluntarily entered a plea of guilty with full knowledge of the nature and consequence of such plea, after having consulted with his retained counsel who appeared with him at the time judgment and sentence was pronounced on his plea of guilty, and that his plea was not entered as a result of coercion by the law enforcement officials of Tulsa County. Under such circumstances we are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

